UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

HARLEY FERCH,

Plaintiff,

v.

FEDERAL MEDICAL CENTER, ET AL.,
CONSTANCE REESE, and
JENNI EVESLAGE,

Defendants.

Civil No. 00-2221 (JMR/AJB)

REPORT AND RECOMMENDATION

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he is seeking leave to proceed in forma pauperis ("IFP"), as permitted by 28 U.S.C. § 1915. The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied and that the action be dismissed without prejudice.

Plaintiff commenced this action on September 28, 2000, by filing a self-styled pleading entitled "Petition For Mandatory Injunction Order." (Docket No. 1.) He did not pay the filing fee prescribed by 28 U.S.C. § 1914(a), but instead submitted the application for IFP status that is now before the Court.

Plaintiff is an inmate at the Federal Medical Center in Rochester, Minnesota. Because he is a prisoner, Plaintiff's IFP application is subject to the requirements of the

FILED NOV 16 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Prison Litigation Reform Act of 1995, ("PLRA"). This means that he must pay an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). In this case, Plaintiff's initial partial filing fee, under the formula set forth at § 1915(b)(1), is $6.22. However, Plaintiff did not tender the required partial fee payment with his complaint and IFP application. Therefore, by order dated October 3, 2000, (Docket No. 3), Plaintiff was instructed to pay his initial partial filing fee of $6.22 within twenty days. The Court's order expressly advised Plaintiff that if he failed to pay the prescribed amount within the time allowed, he would be deemed to have abandoned this action, and it would be recommended that his case be dismissed pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

On October 11, 2000, Plaintiff filed a document entitled "Response to Court Order," (Docket No. 4), which indicated, inter alia, that Plaintiff intended to pay his initial partial filing as required by the Court's prior order. Plaintiff gave no indication that he would be unable to pay the required fee on time, nor did he ask for an extension of the deadline for paying the fee.

The deadline by which Plaintiff was required to pay his initial partial filing fee has now passed, and Plaintiff has not tendered the payment due. Furthermore, the Court has received no other communication from Plaintiff since the filing of his "Response to Court Order" more than a month ago. Therefore, in accordance with the Court's prior order in this case, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). See also In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to pay initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action");

Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees, (Docket Nos. 2), be **DENIED**; and

2. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: November 16th, 2000

ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.