UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

HARLEY FERCH,

Plaintiff,

v.

FEDERAL MEDICAL CENTER, ET AL.,
CONSTANCE REESE, and
JENNI EVESLAGE,

Defendants.

CIVIL NO. 00-2221 (JMR/AJB)

REPORT AND RECOMMENDATION

Plaintiff, a federal prison inmate, has filed a complaint seeking injunctive relief to fulfill certain rights that he allegedly possesses under federal law. The matter is presently before the undersigned Magistrate Judge for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1] For the reasons discussed below, the Court finds that Plaintiff's complaint fails to state a claim on which relief can be granted. It will therefore be recommended that this action be summarily dismissed pursuant to § 1915A(b)(1).

## I. BACKGROUND

Plaintiff is confined at the Federal Medical Center in Rochester, Minnesota, ("FMC-Rochester"). He is presently attempting to sue certain prison officials at FMC-

[1] Plaintiff did not tender the required filing fee with his complaint, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) By order dated October 3, 2000, (Docket No. 3), the Court advised Plaintiff that his IFP application would not be addressed, and his action could not proceed, unless he paid the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). Plaintiff has now paid his initial partial filing fee, and the matter is therefore ripe for initial screening pursuant to § 1915A.

FILED NOV 28 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ________
DEPUTY CLERK ________

Rochester for allegedly violating federal law by failing to take proper action to prevent the spread of infectious diseases. Plaintiff specifically contends that (a) Defendants have not provided soap in many public restrooms at FMC-Rochester, and (b) Defendants have not disseminated sufficient information to inmates about "various Infectious/Contagious diseases and how to avoid the spread of them." (Complaint, [Docket 1], p. (1), § IV.)

Before commencing this lawsuit, Plaintiff completed the first step of the administrative remedies process prescribed by the federal Bureau of Prisons, ("BOP"), by presenting his claims to the Warden at FMC-Rochester in a formal "Request For Administrative Remedy." (Complaint, Exhibit A.) Although the Warden's response obviously did not satisfy Plaintiff, he did not pursue any appeals or make any other effort to exhaust his administrative remedies. Instead, Plaintiff commenced the present action, in which he seeks a "Mandatory Injunction Order" that would compel Defendants to "provide liquid soap dispensors in all public bathrooms [at FMC-Rochester] within 30 days," and "initiate services, classes or programs concerning Infectious/Contagious diseases... within 60 days." (Complaint, p. (3), § VIII.)

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from government employees, his pleading is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court

must determine which aspects of the pleading are actionable and should be allowed to proceed. If the pleading fails to state a legally cognizable claim, or if the named Defendants are immune from suit, the action must be dismissed. 28 U.S.C. § 1915A(b)(1),(2).

The Court concludes that the present action must be summarily dismissed pursuant to § 1915A(b)(1), because Plaintiff's complaint fails to state a claim on which relief can be granted. Plaintiff has failed to state an actionable claim, because he has not alleged that he has exhausted his available administrative remedies, as required by 42 U.S.C. § 1997e(a).

Section 1997e(a), which was enacted in 1996 as part of the PLRA, provides that

> "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

This statute clearly requires that prisoners must exhaust all of their available administrative remedies before they can challenge the conditions of their confinement in a lawsuit brought in federal court. "Congress intended section 1997e(a) to 'curtail the ability of prisoners to bring frivolous and malicious lawsuits by forcing prisoners to exhaust all administrative remedies before bringing suit in Federal court.'" Alexander v. Hawk, 159 F.3d 1321, 1324 (11th Cir. 1998), quoting 141 Cong.Rec. H1472-06, *H1480 (daily ed. Feb. 9, 1995).

Our Court of Appeals has identified at least four valuable objectives that are generally promoted by an exhaustion requirement. First, it helps to ensure a more complete development of the factual record before the matter is brought into court. Second, it gives the court the benefit of whatever special knowledge and experience the administrative agency might have to offer. Third, it acknowledges the autonomy and authority of administrative agencies. Finally, to the extent that claims can be resolved at the administrative level, an exhaustion requirement promotes judicial economy. Mason v. Ciccone, 531 F.2d 867, 870 (8th Cir. 1976). See also, McCarthy v. Madigan, 503 U.S. 140, 145 (1992). When a litigant fails to satisfy an exhaustion of administrative remedies requirement, he deprives the judicial process of these valuable benefits.

The BOP provides a comprehensive administrative remedy procedure for federal inmates with grievances relating to the conditions of their confinement. The Code of Federal Regulations, ("C.F.R."), prescribes a four-step administrative process for resolving complaints brought by federal prisoners: (1) the inmate must present his claim informally to an appropriate prison staff member; (2) if the claim is not resolved informally to the inmate's satisfaction, he must then present a formal written Request for Administrative Remedy; (3) if the prisoner is not satisfied with the warden's response to that request, he must appeal to the Regional Director; and (4) if the prisoner is still dissatisfied, he must take a final appeal to the General Counsel in the Central Office in order to fully exhaust his administrative remedies. 28 C.F.R. §§ 542.10-.16.

In this case, it is readily apparent that Plaintiff has not satisfied the exhaustion requirement that Congress created by the enactment of § 1997e(a). Although

he presented his claims to the Warden at FMC-Rochester, Plaintiff did not pursue all of the administrative remedies available to him. He failed to complete the last two steps of the administrative remedy process, because he did not present his claims to the BOP Regional Director or the General Counsel at the BOP's Central Office. Thus, he failed to exhaust his administrative remedies.

Petitioner apparently believes that his current claims should not be barred because (a) the statutory exhaustion requirement does apply to his claims, and (b) even if the statute were applicable, he has, in fact, satisfied the exhaustion requirement. (See "Response To Court Order," [Docket No. 4], p. (2).) Both of these arguments are unavailing.

First, the administrative remedy requirement clearly does apply to Plaintiff's current claims. Although some courts have suggested that federal prisoners need not pursue the administrative remedy process if they are seeking only monetary compensation for past injuries, it does not appear that any federal court has ever suggested that the exhaustion requirement is inapplicable where a prisoner is seeking purely prospective relief for an ongoing prison condition. Indeed, Plaintiff's claim is a textbook example of the type of claim that the BOP's administrative remedy process is designed to resolve.

Plaintiff's reliance on Garrett v. Hawk, 127 F.3d 1263 (10th Cir. 1997), is misplaced. In that case, the prisoner-plaintiff was seeking only money damages for past physical injuries. The Tenth Circuit concluded that the prisoner was not required to pursue the BOP administrative remedy process, because the remedy he was seeking – an award of money damages – was not available under that process. The Court noted that

"Congress could have set up administrative remedies as a prerequisite to a Bivens claim for monetary damages, but to date it has not done so." Id. at 1267 (emphasis added.) Because the instant Plaintiff is seeking injunctive relief, his case is readily distinguishable from Garrett. When a prisoner seeks equitable relief – as Plaintiff does here – the exhaustion requirement is fully applicable. Caraballo-Sandoval v. Honsted, 35 F.3d 521, 525 (11th Cir. 1994) (per curiam) ("[b]ecause [the prisoner-plaintiff] requested more than just money damages, the district court properly dismissed his claim for failure to exhaust administrative remedies"); Young v. Quinlan, 960 F.2d 351, 356, n. 8 (3rd Cir. 1992); Irwin v. Hawk, 40 F.3d 347, 348-49 (11th Cir. 1994), cert. denied, 516 U.S. 835 (1995); Wyatt v. Leonard, 193 F.3d 876, 878-79 (6th Cir. 1999); Whitley v. Hunt, 158 F.3d 882, 887 (5th Cir. 1998).[2]

Plaintiff further argues that he has in fact satisfied the exhaustion requirement, because he formally presented his claim to the Warden at FMC-Rochester. This argument fails, because § 1997e(a) requires prisoners to exhaust "such administrative remedies as are available." This means that prisoners must fully exhaust all of their available administrative remedies. Taking only the first step in the BOP administrative remedy process, as Plaintiff did here, does not satisfy the statutory

---

[2] It should be noted that a growing number of courts have rejected the conclusion reached in Garrett, and have instead concluded that 42 U.S.C. § 1997e(a) requires prisoners to exhaust their administrative remedies even if they are seeking only money damages. Nyhuis v. Reno, 204 F.3d 65, 70-78 (3rd Cir. 2000); Perez v. Wisconsin Dep't of Corrections, 182 F.3d 532, 537-38 (7th Cir. 1999); Alexander v. Hawk, 159 F.3d at 1325-28; Beeson v. Fishkill Correctional Facility, 28 F.Supp.2d 884, 892-96 (S.D.N.Y. 1998).

requirement. See Francis v. Rison, 894 F.2d 353, 354 (9th Cir. 1990).[3]

When a federal prisoner brings a civil rights action in federal court alleging that the conditions of his confinement are somehow illegal, he must affirmatively allege in his complaint that he has satisfied § 1997e(a) by exhausting the administrative remedies provided by the BOP at 28 C.F.R. §§ 542.10-.16. If his complaint fails to include factual allegations showing that the exhaustion requirement has been satisfied, then the prisoner has failed to state an actionable claim, and his complaint is subject to summary dismissal. McAlphin v. Morgan, 216 F.3d 680, 682 (8th Cir. 2000); Massey v. Wheeler, 221 F.3d 1030, 1034 (7th Cir. 2000) ("dismissal on the pleadings is proper for failure to plead the exhaustion of all administrative remedies"). Because Plaintiff's present complaint does not show that he has exhausted his administrative remedies, (and, in fact, it clearly appears that Plaintiff has not met the exhaustion requirement), no actionable claim for relief has been pleaded.

---

[3] Plaintiff has cited two cases to support his contention that he has done everything necessary to satisfy the exhaustion requirement. (See "Response To Court Order," p. (2).) The first of those cases, Taylor v. Barnett, 105 F.Supp.2d 483 (E.D.Va. 2000), is distinguishable. In Taylor, the prisoner-plaintiff was unable to pursue his administrative appeals, because prison officials never addressed his claim at the first level of the grievance process and thus he had nothing to appeal. In the present case, the Warden at FMC-Rochester did address Plaintiff's initial grievance. (Complaint, Exhibit B.) That response opened the way to an appeal to the BOP's Regional Director, but no such appeal was pursued. The second case cited by Plaintiff, Langford v. Couch, 50 F.Supp.2d 544 (E.D.Va. 1999), provides him no support or assistance whatsoever. In that case, the Court summarily dismissed a prisoner-plaintiff's claims because he had failed to properly seek administrative relief. This Court's disposition of Plaintiff's present claims is fully consistent with Langford.

## III. CONCLUSION

For the reasons discussed above, the Court concludes that this action must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). It follows that Plaintiff's application for leave to proceed IFP must also be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the unpaid balance of the $150 filing fee.[4] He has paid only $10.00, so he still owes $140.00. Prison officials will have to deduct that amount from his prison trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). Finally, the dismissal of this action shall count as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket

---

[4] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

No. 2), be **DENIED**;

2. This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely $140.00, in accordance with 28 U.S.C. § 1915(b)(2); and

4. For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated: November 8th, 2000

ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.